## Bittner *v.* Supervisors of Saltlick Township, Appellant.

Argued April 15, 1935.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*H. E. McCamey,* of *Dickie, Robinson & McCamey,*
with him *William W. Matson,* for appellant.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* with
him *E. D. Brown,* for appellee.

OPINION BY CUNNINGHAM, J., July 18, 1935:

When this case was here before (109 Pa. Superior
Ct. 406, 167 A. 483) the evidence then incorporated in
the record showed that claimant was accidentally sub-
jected to a sudden muscular effort or strain in pre-
venting the falling of a large stone from a wagon dur-
ing the progress of road work for the township.

The accident, which occurred on November 8, 1930,
precipitated an attack of angina pectoris. There was
evidence that claimant was totally disabled at least
until June, 1931, and was still suffering some disabil-
ity at the date of the hearing before the referee—March
17, 1932. The referee made an award, on May 10, 1932,
under Section 306 (a) of the Workmen's Compensa-
tion Act of June 2, 1915, P. L. 736, as amended by the
Act of April 13, 1927, P. L. 186, of compensation for

total disability; the board affirmed the referee and the court below entered judgment upon the award.

Upon the appeal of the employer, we reversed the judgment because we were "unable to find in the record as it [then] stood any basis for an award of total disability beyond June, 1931."

At the hearing then under review there was uncontroverted testimony by physicians called by the employer that claimant had been suffering for a considerable period of time prior to the accident from myocarditis, endocarditis and arteriosclerosis.

In our opinion, filed July 14, 1933, we reviewed the medical evidence in the record and said:

"We, therefore, here have a case of the aggravation of existing and chronic ailments by an accident in the course of employment.

"In such cases the burden is upon the claimant to show that his existing diseases were aggravated to such an extent that the aggravation became the independent cause of the disability for which he claims compensation. In other words, the only compensable disability is that shown by the claimant to have resulted from the accident, as distinguished from the disability resulting from the natural progress and development of any diseases with which he may be afflicted and for which the employer is in no way liable." The concluding paragraph reads:

"As claimant and his counsel seem to have misapprehended the extent of the burden of proof resting upon the claimant in a case of this kind, we have concluded that the interests of justice will be best served by affording them an opportunity to show what, if any, disability resulted from the accident as distinguished from the disability attributable to the natural progress of the diseases from which claimant was suffering when it occurred, together with the right to the employer to present additional evidence upon the issues indicated."

Pursuant to our direction, the case again came on for hearing before the same referee on November 3, 1933.

At this hearing claimant undertook to carry the burden of proof, which we held rested upon him, by the introduction of testimony tending to show that he was not suffering from any abnormal heart condition at the time of the accident and that his disability had resulted solely from the injuries then sustained.

The employer reiterated, and endeavored to support by medical testimony, its contention that any disability which claimant was then suffering, or had suffered since the accident, was the result, "not of any alleged accident, but of a diseased condition not caused by or attributable to any accident."

On behalf of claimant, Dr. D. S. Newill, his family physician, testified he had examined claimant's chest as recently as 1929 and had made the usual examinations for "acute respiratory troubles." His testimony continued: "Q. What would you say as to whether or not had he at that time been suffering from chronic myocarditis, endocarditis and arteriosclerosis, your examination was sufficiently thorough to have disclosed those ailments? A. He did not have an increase in blood pressure at that time that would indicate any arteriosclerosis. Q. And what would you say as to whether or not if he had been suffering from any and all of those ailments your examination would have disclosed it? A. It would."

Subsequent to our return of the record, claimant was examined by Dr. Paul H. Franklin on October 31, and by Dr. F. N. Parent on November 1, 1933.

An excerpt from Dr. Franklin's testimony reads: "A. At the beginning of Mr. Bittner's attack, while making a very unusual strain in lifting that large rock, we feel he at that time suffered an acute stretching or dilatation of the heart, and the consequent damage on the lining of the heart and stretching of the nerves of

his heart inaugurated the first attack which has been followed by a chronic condition. Q. What is your opinion upon the effect of the accident and injury, as described to you, on his present condition or as respects his present condition? A. I feel that the accident of November 8th is the cause of his present condition. I don't doubt that Mr. Bittner had some sclerotic changes in his vessels before that, but that is quite common in men of his age. But I do not find any condition or history that would indicate to me that he was a sufferer from endocarditis before that time or that he was a sufferer of arteriosclerosis in any disabling way. I feel he may have some sclerotic change and probably did, but the accident precipitated the condition that is present today and which in my opinion is going to continue to be present. Q. Endocarditis? A. Yes. I found no symptoms from examination or history of previous endocarditis."

Dr. Parent agreed with the opinion expressed by Dr. Franklin, saying: "Knowing that an unusual strain is one of the accepted and the most usual causes of a strain of the heart, which will produce dilatation and also will be the principal exciting cause in the production of angina pectoris, it is my opinion that Mr. Bittner is suffering from dilatation of the heart with hypertrophy and angina pectoris as a result of the strain arising from the accident which he received on November 8, 1930."

Each of these witnesses stated claimant was totally disabled as of the dates of their respective examinations and that his disability would, in their opinion, increase and become permanent.

Drs. Miller, Berg and Wakefield, testifying for the employer, disagreed, sharply and positively, with claimant's experts and each expressed the opinion that his disability had not resulted from the alleged injury but

is attributable solely to the natural progress of preexisting diseases.

This conflict in the testimony raised an issue of fact exclusively for determination by the referee and board. The material portion of the referee's twelfth finding of fact reads: "After carefully considering and weighing all the testimony we find as a fact that all claimant's disability resulted from the accident of November 8, 1930."

There was also a distinct finding of fact by the referee "that the claimant is now totally disabled as a result of the pathology that was set up in the heart as a result of the accident and injury."

An award was, accordingly, made, and affirmed by the board, upon the basis of total disability from November 16, 1930, to June 1, 1931, a fifty per cent partial disability to October 31, 1933, and total disability from that date so long as disability remains unchanged, subject to the limitations of the statute.

The referee and board had the right to accept the opinions of claimant's medical experts as against those of the experts called by the employer. There was, therefore, evidence upon the record, sufficient in quantity and quality, if believed, to sustain the award, including the extent of partial disability, and the judgment appealed from was properly entered.

The other matters referred to in the brief for appellant, relating, as they do, to the circumstances of the accident and the giving of notice thereof to the employer, were not included in the reference back of the record.

Judgment affirmed.